Tyrone Oldyn Pro se, Plaintiff
No. 63211-054
FCI Allenwood
PO Box 2000
White Deer, PA 17887
In Propria Persona

**13 CV 4393**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE OLDYN,

    Plaintiff,

v.

MICHAEL DELGARDO,
JOHN FERRETTI,
GILBERT HOA,
RAYMOND KELLY,
THE CITY OF NEW YORK,

    Defendants.

No. _____

COMPLAINT FOR
DAMAGES
(42 U.S.C. § 1983)
JURY TRIAL DEMANDED

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by a citizen of the United States against police officers of the New York City Police Department, who unlawfully arrested, assulted, prosecuted, and harassed the plaintiff.

2. The action is against the Police Commissioner as the supervisory officer responsible for the conduct of the defendants and for the Commissioner's failure to take corrective



action with respect to police peronnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, and against the city of New York as the employer of the police personnel, which is sued as a person under 42 U.S.C. § 1983.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitutuon of the United States.

4. This Court has subject matter jurisdiction of the action 28 U.S.C. §§ 1331, 1343(a)(3), (4).

5. This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

## PARTIES

6. Plaintiff is a resident of New York, New York, and all times relevant to the allegations of this complaint was a citizen of the United States, and a resident of Bronx County.

7. At all times relevant to this action, defendant Michael Delgardo was a police officer employed by the New York City Police Department to perform duties in the city

2

of New York and was assigned to the 52nd Precinct.

**a.** At all relevant times, this defendant was acting as the agent, servant, and employee of defendant City of New York.

**b.** This defendant is sued individually and in his official capacity.

8. At all times relevant to this action, defendant John Ferretti was a police officer employed by the New York City Police Department to perform duties in the City of New York and was assigned to the 52nd Precinct.

**a.** At all relevant times, this defendant was acting as the agent, servant, and employee of defendant City of New York.

**b.** This defendant is sued individually and in his official capacity.

9. At all times relevant to this action, defendant Gilbert Hoa was a police officer employed by the New York City Police Department to perform duties in the City of New York and was assigned to the 52nd Precinct.

**a.** At all relevant times, this defendant was acting as the agent, servant, and employee of defendant City of New York.

**b.** This defendant is sued individually and in his official capacity.

10. At all times relevant to this action, defendant Raymond Kelly was the duly appointed Commissioner of the

New York City Police Department. In this capacity, the Commissioner was:

**a.** The commanding officer of defendants Michael Delgardo, John Ferretti and Gilbert Hoa and was responsible for their training, supervision, and conduct.

**b.** Responsible by law for enforcing the regulations of the New York City Police Department and for ensuring that New York Police personnel obey the laws of the State of New York and of the United States.

**c.** Acting as the agent, servant, and employee of the defendant City of New York. This defendant is sued individually and in his official capacity.

11. The defendant City of New York is municipal corporation within the States of New York and, at all relevant times, it employed the other defendants in this action.

12. At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as police personnel.

13. On March 18, 2009, at 6:05 p.m. Plaintiff was standing on a sidewalk in Bronx County, New York.

14. Plaintiff was approached by defendant Delgardo, pushed against a building, placed into a arm bar head-lock, searched, and placed into handcuffs.

4

15. Plaintiff asked defendant Delgardo whether Plaintiff had done something wrong.

16. Defendant Delgardo refused to respond, other than telling Plaintiff to "shut up".

17. The Plaintiff was Physically removed from the sidewalk by defendant Delgardo and taken to the confines of the 52nd Precinct ot the New York Police Department.

18. Plaintiff was transported to the 52nd precinct although there were no grounds for his arrest.

19. On March 18, 2009, after the arrest of the plaintiff, defendants Degardo and Ferretti went before a sergeant of the New York City Police Department, defendant Hoa, and defendants Delgardo, Ferretti and Hoa Charged Plaintiff with five (5) felony informations, Robbery 1st Degree, Robbery 2nd Degree, Robbery 3d Degree, Grand Larceny, and Possession of Stolen Property, as well as one (1) misdemeanor Petit Larceny charge.

20. On May 26, 2011, Plaintiff appeared before a Justice of the New York Supreme Supreme Court on these charges, and they were terminated in favor of Plaintiff by order of Dissmissal and sealing of the proceedings. This dismissal is memorialized by a written order dated May 26, 2011.

21. As a result of the misconduct described above, plaintiff experienced humiliation, emotional distress, pain

and suffering, incurred expenses, including legal fees, in connection with the defense on the charges that were lodged against him, and was otherwise damaged.

22. The Plaintiff was also physically injured as a result of the conduct described in this complaint.

23. The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the New York City Police Department, which was known to and ratified by defendants Commissioner and City.

24. Despite knowledge of these institutionalized practices, the defendants Commissioner and City have at no time taken any effective action to prevent New York City police personnel from continuing to engage in this type of misconduct.

25. Defendants Commissioner and City had prior notice of the vicious propensities of defendants Delgardo, Ferretti, and Hoa, but took no steps to train them, correct their abuse of authority, or to discourage thier unlawful use of authority.

26. The failure of defendants Commissioner and City to properly train defendants Delgardo, Ferretti, and Hoa included the failure to instruct them in applicable provisions of the State Penal Law of the State of New York and the proper and prudent use of force.

27. Defendant Commissioner and City authorized, tolerated

institutionalized practices, and ratified the misconduct detailed above by:

<u>a.</u>  Failing to properly discipline, restrict, and control employees, including defendants Delgardo, Ferretti, and Hoa, known to be irresponsible in their dealings with citizens of the community;

<u>b.</u>  Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically defendants Delgardo, Ferretti, and Hoa;

<u>c.</u>  Failing to forward to the office of the District Attorney of Bronx County evidence of criminal acts committed by police personnel;

<u>d.</u>  Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

28.  The conduct of defendants Commissioner and City also constitutes gross negligence under state law.

29.  As a Consequence of the abuse of authority detailed above, plaintiff sustained the damages alleged above.

## FEDERAL THEORIES OF RECOVERY

30. The actions and omissions described above, engaged in under color of state authority by the defendants (including defendant City, sued as a person and responsible because of its authorization, condonation, and ratification of the acts of its agents), deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, the plaintiff's:

<u>a.</u> First Amendment right to freedom of expression;

<u>b.</u> Fourth Amendment right to be free from unlawful seizure of his person;

<u>c.</u> Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force untlized by police; and

<u>d.</u> Eighth Amendment right to be free from cruel and unusual punishment.

## STATE LAW THEORIES OF RECOVERY

31. On July 25, 2011, the plaintiff caused a written verified Notice of Claim to be filed with and served on the proper officers, agents, and employees of the defendant City of New York pursuant to the claims statutes governing these cases. A true and correct copy of the Notice is attached to this complaint and incorporated by reference in it as Exhibit "A."

8

32. Plaintiff's claim has been denied by operation of law because more than 90 days have elapsed since the service of the Notice of Claim, and adjustment or payment of the Claim has been neglected or refused.

33. The acts and conduct alleged above constitute actionable torts under the laws of the State of New York, including the tort of:

**a.** False arrest and imprisonment,

**b.** Assault and battery,

**c.** **Malicious prosecution,**

**d.** Abuse of process,

**e.** Negligence, and

**f.** Gross negligence.

### PRAYER

Plaintiff demands the following relief

A. Compensatory damages in the amount of $100,000.00.

B. Punitive damages in the amount of $2,000,000.00.

C. Attorney's fees pursuant to 42 U.S.C. § 1988.

D. An award of plaintiff's costs of suit.

E. All other relief that is appropriate under the circumstances.

Executed on June 19, 2013

Sincerely,

*Tyrone Olden* (signature)

Tyrone Olden
Pro se
FCI Allenwood
PO Box 2000
White Deer, PA 17887

___(signature)___ _CSW_ . Authorized by the
(Name)           (Title)
Act of July 7, 1955, as amended, to administer oaths.
(1B USC 4004).

10

# All Transactions

| Inmate Reg #: | 63211054 | Current Institution: | Allenwood FCC |
|---|---|---|---|
| Inmate Name: | OLDYN, TYRONE | Housing Unit: | ALM-D-B |
| Report Date: | 05/10/2013 | Living Quarters: | D08-233L |
| Report Time: | 11:45:12 AM | | |

| Date/Time | Transaction Type | Amount | Ref# | Payment# | Balance |
|---|---|---|---|---|---|
| 5/9/2013 8:49:35 PM | Phone Withdrawal | ($2.00) | TFN0509 | | $22.80 |
| 5/7/2013 7:47:49 PM | Phone Withdrawal | ($2.00) | TFN0507 | | $24.80 |
| 5/7/2013 9:04:33 AM | Sales - Fingerprint | ($11.60) | 41 | | $26.80 |
| 5/4/2013 8:53:14 PM | Phone Withdrawal | ($1.00) | TFN0504 | | $38.40 |
| 5/3/2013 9:39:10 PM | TRUL Withdrawal | ($2.00) | TL0503 | | $39.40 |
| 5/3/2013 8:31:39 AM | Payroll - IPP | $7.92 | MIPP0413 | | $41.40 |
| 5/2/2013 8:55:50 PM | TRUL Withdrawal | ($5.00) | TL0502 | | $33.48 |
| 5/1/2013 9:27:06 PM | Phone Withdrawal | ($2.00) | TFN0501 | | $38.48 |
| 4/30/2013 7:58:23 AM | Sales - Fingerprint | ($10.30) | 33 | | $40.48 |
| 4/28/2013 8:18:04 PM | Phone Withdrawal | ($2.00) | TFN0428 | | $50.78 |
| 4/27/2013 2:48:08 PM | Phone Withdrawal | ($3.00) | TFN0427 | | $52.78 |
| 4/26/2013 7:39:57 PM | Phone Withdrawal | ($2.00) | TFN0426 | | $55.78 |
| 4/26/2013 3:32:57 PM | Phone Withdrawal | ($2.00) | TFN0426 | | $57.78 |
| 4/26/2013 12:27:31 PM | TRUL Withdrawal | ($5.00) | TL0426 | | $59.78 |
| 4/23/2013 8:48:48 PM | Phone Withdrawal | ($2.00) | TFN0423 | | $64.78 |
| 4/23/2013 12:29:25 PM | Phone Withdrawal | ($2.00) | TFN0423 | | $66.78 |
| 4/23/2013 10:00:58 AM | Sales - Fingerprint | ($13.65) | 8 | | $68.78 |
| 4/22/2013 3:23:11 PM | TRUL Withdrawal | ($10.00) | TL0422 | | $82.43 |
| 4/21/2013 9:05:01 PM | Western Union | $90.00 | 33313111 | | $92.43 |
| 4/20/2013 1:47:41 PM | Phone Withdrawal | ($1.00) | TFN0420 | | $2.43 |
| 4/19/2013 8:56:56 PM | TRUL Withdrawal | ($2.00) | TL0419 | | $3.43 |
| 4/19/2013 8:09:52 PM | TRUL Withdrawal | ($2.00) | TL0419 | | $5.43 |
| 4/18/2013 8:38:03 PM | Phone Withdrawal | ($2.00) | TFN0418 | | $7.43 |
| 4/17/2013 12:24:45 PM | Phone Withdrawal | ($1.00) | TFN0417 | | $9.43 |
| 4/16/2013 12:37:50 PM | Sales - Fingerprint | ($11.05) | 112 | | $10.43 |
| 4/15/2013 12:23:44 PM | Phone Withdrawal | ($2.00) | TFN0415 | | $21.48 |
| 4/14/2013 9:02:33 PM | TRUL Withdrawal | ($2.00) | TL0414 | | $23.48 |
| 4/14/2013 10:41:34 AM | Phone Withdrawal | ($3.00) | TFN0414 | | $25.48 |
| 4/13/2013 3:42:46 PM | Phone Withdrawal | ($1.00) | TFN0413 | | $28.48 |
| 4/13/2013 7:52:59 AM | TRUL Withdrawal | ($10.00) | TL0413 | | $29.48 |
| 4/12/2013 7:49:12 PM | Phone Withdrawal | ($1.00) | TFN0412 | | $39.48 |
| 4/11/2013 2:58:13 PM | Phone Withdrawal | ($6.00) | TFN0411 | | $40.48 |
| 4/11/2013 12:21:58 PM | Phone Withdrawal | ($1.00) | TFN0411 | | $46.48 |
| 4/9/2013 9:29:38 PM | Phone Withdrawal | ($2.00) | TFN0409 | | $47.48 |
| 4/9/2013 12:23:06 PM | Phone Withdrawal | ($1.00) | TFN0409 | | $49.48 |
| 4/8/2013 8:18:39 PM | TRUL Withdrawal | ($5.00) | TL0408 | | $50.48 |
| 4/7/2013 9:05:28 PM | Western Union | $50.00 | 33313097 | | $55.48 |
| 4/7/2013 4:43:43 PM | Phone Withdrawal | ($1.00) | TFN0407 | | $5.48 |
| 4/6/2013 2:40:53 PM | Phone Withdrawal | ($1.00) | TFN0406 | | $6.48 |
| 4/5/2013 2:39:28 PM | TRUL Withdrawal | ($2.00) | TL0405 | | $7.48 |
| 4/5/2013 7:32:08 AM | Payroll - IPP | $7.20 | MIPP0313 | | $9.48 |
| 4/1/2013 9:09:47 PM | Phone Withdrawal | ($1.00) | TFN0401 | | $2.28 |
| 3/31/2013 3:43:05 PM | Phone Withdrawal | ($1.00) | TFN0331 | | $3.28 |
| 3/30/2013 9:24:16 PM | Phone Withdrawal | ($1.00) | TFN0330 | | $4.28 |
| 3/27/2013 9:05:32 PM | Phone Withdrawal | ($1.00) | TFN0327 | | $5.28 |
| 3/26/2013 9:13:56 PM | Phone Withdrawal | ($2.00) | TFN0326 | | $6.28 |
| 3/26/2013 12:01:42 PM | Phone Withdrawal | ($1.00) | TFN0326 | | $8.28 |
| 3/25/2013 9:36:31 PM | Phone Withdrawal | ($1.00) | TFN0325 | | $9.28 |
| 3/25/2013 2:54:21 PM | Phone Withdrawal | ($1.00) | TFN0325 | | $10.28 |
| 3/24/2013 9:23:52 PM | Phone Withdrawal | ($1.00) | TFN0324 | | $11.28 |

1 2 3 4

## All Transactions

| Inmate Reg #: | 63211054 | Current Institution: | Allenwood FCC |
|---|---|---|---|
| Inmate Name: | OLDYN, TYRONE | Housing Unit: | ALM-D-B |
| Report Date: | 05/10/2013 | Living Quarters: | D08-233L |
| Report Time: | 11:45:22 AM | | |

| Date/Time | Transaction Type | Amount | Ref# | Payment# | Balance |
|---|---|---|---|---|---|
| 3/24/2013 3:24:22 PM | Phone Withdrawal | ($1.00) | TFN0324 | | $12.28 |
| 3/23/2013 9:47:01 PM | TRUL Withdrawal | ($2.00) | TL0323 | | $13.28 |
| 3/18/2013 7:42:08 PM | TRUL Withdrawal | $1.00 | TL0318 | | $15.28 |
| 3/18/2013 7:33:59 AM | Sales - Fingerprint | ($15.95) | 28 | | $14.28 |
| 3/17/2013 6:39:41 PM | Phone Withdrawal | ($5.00) | TFN0317 | | $30.23 |
| 3/16/2013 8:24:38 PM | TRUL Withdrawal | ($10.00) | TL0316 | | $35.23 |
| 3/16/2013 5:41:21 PM | Phone Withdrawal | ($5.00) | TFN0316 | | $45.23 |
| 3/16/2013 10:34:12 AM | Phone Withdrawal | ($4.00) | TFN0316 | | $50.23 |
| 3/15/2013 9:06:09 PM | Western Union | $50.00 | 33313074 | | $54.23 |
| 3/15/2013 1:37:46 PM | TRUL Withdrawal | ($2.00) | TL0315 | | $4.23 |
| 3/14/2013 1:22:21 PM | Phone Withdrawal | ($4.00) | TFN0314 | | $6.23 |
| 3/8/2013 11:41:06 AM | FRP Quarterly Pymt | ($25.00) | MFRP0313 | | $10.23 |
| 3/8/2013 11:40:04 AM | Payroll - IPP | $9.24 | MIPP0213 | | $35.23 |
| 2/26/2013 12:29:15 PM | TRUL Withdrawal | ($2.00) | TL0226 | | $25.99 |
| 2/25/2013 2:59:55 PM | Sales - Fingerprint | ($15.80) | 100 | | $27.99 |
| 2/23/2013 11:52:45 AM | TRUL Withdrawal | ($5.00) | TL0223 | | $43.79 |
| 2/22/2013 7:48:00 AM | TRUL Withdrawal | ($2.00) | TL0222 | | $48.79 |
| 2/18/2013 8:57:52 PM | TRUL Withdrawal | ($5.00) | TL0218 | | $50.79 |
| 2/16/2013 8:05:13 AM | TRUL Withdrawal | ($5.00) | TL0216 | | $55.79 |
| 2/11/2013 11:43:02 AM | Sales - Fingerprint | ($7.75) | 125 | | $60.79 |
| 2/9/2013 7:10:37 PM | TRUL Withdrawal | ($2.00) | TL0209 | | $68.54 |
| 2/9/2013 6:06:08 PM | TRUL Withdrawal | ($10.00) | TL0209 | | $70.54 |
| 2/8/2013 7:16:29 AM | Payroll - IPP | $10.08 | MIPP0113 | | $80.54 |
| 2/4/2013 12:39:13 PM | Sales - Fingerprint | ($6.35) | 59 | | $70.46 |
| 2/2/2013 5:11:12 AM | Lockbox - CD | $50.00 | 70126501 | | $76.81 |
| 1/31/2013 4:32:09 PM | TRUL Withdrawal | ($2.00) | TL0131 | | $26.81 |
| 1/31/2013 2:16:47 PM | TRUL Withdrawal | ($5.00) | TL0131 | | $28.81 |
| 1/28/2013 7:16:59 AM | Sales - Fingerprint | ($27.10) | 14 | | $33.81 |
| 1/28/2013 7:16:59 AM | SPO - Released | $21.05 | 3220 | | |
| 1/22/2013 6:39:22 PM | TRUL Withdrawal | ($2.00) | TL0122 | | $60.91 |
| 1/22/2013 9:39:01 AM | Sales - Fingerprint | ($13.95) | 67 | | $62.91 |
| 1/17/2013 9:20:42 AM | Inmate Co-pay | ($2.00) | MICP0113 | | $76.86 |
| 1/15/2013 8:14:51 PM | TRUL Withdrawal | ($2.00) | TL0115 | | $78.86 |
| 1/14/2013 11:31:39 AM | Sales - Fingerprint | ($69.20) | 93 | | $80.86 |
| 1/14/2013 11:31:21 AM | Sales - Fingerprint | $69.20 | 92 | | $150.06 |
| 1/14/2013 9:48:55 AM | Sales - Fingerprint | ($3.40) | 4 | | $80.86 |
| 1/14/2013 9:47:51 AM | Sales - Fingerprint | ($15.85) | 3 | | $84.26 |
| 1/12/2013 9:22:19 PM | TRUL Withdrawal | ($5.00) | TL0112 | | $100.11 |
| 1/11/2013 7:19:52 PM | TRUL Withdrawal | ($2.00) | TL0111 | | $105.11 |
| 1/10/2013 7:01:51 AM | SPO | ($21.05) | 3220 | | |
| 1/7/2013 9:56:50 AM | TRUL Withdrawal | ($5.00) | TL0107 | | $107.11 |
| 1/7/2013 7:30:19 AM | Sales - Fingerprint | ($16.10) | 14 | | $112.11 |
| 1/4/2013 9:05:49 AM | Payroll - IPP | $5.25 | MIPP1212 | | $128.21 |
| 1/3/2013 8:03:41 AM | TRUL Withdrawal | ($10.00) | TL0103 | | $122.96 |
| 1/1/2013 2:22:14 PM | TRUL Withdrawal | ($10.00) | TL0101 | | $132.96 |
| 12/31/2012 8:12:19 AM | TRUL Withdrawal | ($5.00) | TL1231 | | $142.96 |
| 12/31/2012 7:57:17 AM | Sales - Fingerprint | ($23.40) | 36 | | $147.96 |
| 12/30/2012 7:33:25 PM | TRUL Withdrawal | ($30.00) | TL1230 | | $171.36 |
| 12/30/2012 6:05:34 PM | Western Union | $200.00 | 33312365 | | $201.36 |
| 12/14/2012 9:28:28 AM | TRUL Withdrawal | ($2.00) | TL1214 | | $1.36 |

1 2 3 4